No. 68555.—Linden Equipment Corp. *v.* United States, protest 60/10406 (Los Angeles).

FORD, Judge: This is substantially a retrial of the issues presented and de-cided in the case of *Linden Equipment Corporation* v. *United States*, 47 Cust. Ct. 280, Abstract 65966, wherein certain three-wheeled vehicles, known as "Moto-carts," and parts were held to be properly subject to classification as "Machines, finished or unfinished, not specially provided for: * * * Other * * *," at the rate of 13¾ per centum ad valorem under the provisions of paragraph 372 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739. In both instances, it was contended that said Motocarts are properly entitled to entry free of duty under the provisions of paragraph 1604 of the Tariff Act of 1930 as agricultural im-plements. The claim in the protest in the original case, *supra*, as well as in the case presently before the court, under the provisions of paragraph 369(b), Tariff Act of 1930, not having been pressed, was in the original case deemed abandoned, and is in the present case deemed abandoned.

The record in Abstract 65966, *supra*, has been incorporated herein. Judge Rao, in writing the opinion in the incorporated case, presented the issues succinctly and clearly as follows:

Whether or not the subject mechanisms are agricultural implements within the purview of said paragraph 1604 depends, under settled law, upon whether or not they constitute a class of articles chiefly used for agricultural purposes, that is to say, for the production of food or clothing for human existence. *United States* v. *Boker & Co.*, 6 Ct. Cust. Appls. 243, T.D. 35472; *United States* v. *Spreckels Cream-eries, Inc.*, 17 C.C.P.A. (Customs) 400, T.D. 43835.

Chief use is a question of fact, the determination of which depends upon proof of use throughout an adequate cross-section of the country, of an adequate pro-portion of the class of merchandise under consideration. *United States* v. *S. S. Perry*, 25 C.C.P.A. (Customs) 282, T.D. 49395; *L. Tobert Co., Inc., et al.* v. *United States*, 41 C.C.P.A. (Customs) 161, C.A.D. 544. While the testimony of a single witness may suffice to establish chief use, it must appear that he is qualified by training, experience, and knowledge to comprehend the function of the article and to be informed of its uses by the area of the population to which it is or-dinarily and ultimately sold. *Klipstein* v. *United States*, 1 Ct. Cust. Appls. 122, T.D. 31120; *Catton, Neill & Co. (Ltd.)* v. *United States*, 11 Ct. Cust. Appls. 278, T.D. 39084.

The decision in Abstract 65966, *supra*, sets forth a brief digest of the record which, so far as is pertinent herein, reads as follows:

The record in the instant case consists of the testimony of a single witness, one Herbert H. Linden, who was affiliated with the importer, together with certain exhibits illustrative of the imported article and of its uses. It appears from the evidence given by him that a Motocart is a type of automotive vehicle similar to a tractor, but having three wheels, with the transmission and engine mounted on the front wheel, which latter feature is unique with this vehicle. It also has a leader control which enables the operator to drive it from the outside, much as one would lead a horse. Other features of the Motocart are a 4-cycle single cylinder engine, 7 to 1 compression, approximately 8 horsepower, with 4 forward speeds and a maximum speed potential of approximately 15 miles per hour. It will operate for 8 hours on about 1½ gallons of gasoline; can be driven in low gear; and has the capacity to haul a 3,000-pound load over soggy or muddy ground. The construction of the vehicle is such that a load-carrying platform is set upon the chassis.

The witness testified that his company is the exclusive agency for the importation of Motocarts in the United States and in the entire Western Hemisphere. * * *

The witness was of opinion that a Motorcart is peculiarly adapted for farming pursuits because of its four speeds, its ability to operate in low gear, its load-carrying capacity over soggy ground, its low gas consumption, and the leader control feature. He did not deny that it could be used for moving or hauling merchandise within any confined area, but stated that his efforts to sell Motocarts for industrial uses were not successful, because they lacked maneuverability and the capacity to haul large, heavy loads.

Based upon the record presented to the court in Abstract 65966, the court therein held that it was not possible to determine chief use of the imported article on an indeterminate quantity imported.

In the instant case, Mr. Linden was again called to testify on behalf of plaintiff and, after some testimony as to the number of units imported by him, it appeared to be fairly resolved, by virtue of the invoices of all merchandise imported by him and received as plaintiff's collective exhibit 8, that in fact 36 units were imported. A careful analysis of the record further indicates that of these 36 units, 14 were exported to various South American countries, leaving a balance of 22; that 6 units remained in bonded warehouse, leaving a balance of 16; that of the 16, 5 remained in the hands of dealers, which were unsold, leaving a balance of 11; that of the remaining 11, 3 were sold for nonagricultural purposes, leaving a remainder of 8 units; that of the remaining 8 units, 2 were sold to another dealer, the use to which they were put being unknown, leaving a balance of 6; of these 6 units, 2 were used on the Coachella Valley Feed Ranch, which the witness had personal knowledge of; 1 was used on his ranch in McArthur, Calif., by Mr. Albert Albaugh, which the witness testified was of his own knowledge; 1 was sold to Mr. Fred Haas for use on his ranch (there is no indication that this is of his own personal knowledge); 1 was sold to the Kern County Land Co. for use in its farming operation, which the witness personally saw; 1 was to a Mr. Paul Hamling who told Mr. Linden that it was used on the farm.

The court is reluctant to disturb the collector's classification in the absence of unequivocal proof successfully contradicting the validity of such classification which carries with it the presumption that the collector considered the applicability of all claimed tariff provisions before classifying the imported articles. *L. Tobert Co., Inc., American Shipping Co.* v. *United States*, 41 CCPA 161, C.A.D. 544.

We feel the evidence herein, which at best indicates the use of five units on farms, the evidence as to the unit used by Mr. Hamling being purely hearsay, is not unequivocal proof, nor is it substantial evidence, such as would lead a

reasonable mind to conclude that the imported Motocarts are chiefly used as agricultural implements.

The protest is, therefore, overruled. Judgment will be rendered accordingly.